[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13379
Non-Argument Calendar

_____

D.C. Docket No. 9:13-cr-80043-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME OMAR SOTOMAYOR,
a.k.a. Jaime Sotomayor Vega,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

After pleading guilty, Jaime Omar Sotomayor appeals his 84-month sentence for conspiring to import, and importing, 100 kilograms or more of marijuana into the United States, in violation of 21 U.S.C. §§ 952(a) and 963 and 18 U.S.C. § 2, and conspiring to possess, and possessing, with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Sotomayor argues: (1) that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(3)(C) for acting as a pilot, copilot, captain, navigator, or any other operation officer for a vessel carrying a controlled substance ("captain enhancement"); and (2) that his 84-month sentence was substantively unreasonable. After review, we affirm.

## I.    CAPTAIN ENHANCEMENT

The district court did not clearly err in applying the two-level enhancement in § 2D1.1(b)(1)(C). At sentencing, Sotomayor admitted he had operated the boat and used a GPS device on the return trip from the Bahamas to the United States with the marijuana. These facts are materially indistinguishable from those in United States v. Cartwright, 413 F.3d 1295, 1297 (11th Cir. 2005), in which the defendant admitted he drove the boat and navigated using instructions and a compass.

Further, in Cartwright, we rejected the very argument that Sotomayor makes here, that the captain enhancement does not apply to someone who merely drives a

2

boat, but only to someone who has formal training and special skill.  See id. at 1297-98; see also United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003) (citing with approval opinions from two other circuits concluding that no particular training, licensure, or special skills are required to justify the captain enhancement).[1]  We concluded in Cartwright that the captain enhancement "creates a test about the facts of the offense, not a term of art" and that the defendant "easily qualified for the enhancement" because he drove the boat and used a compass to navigate.  Cartwright, 413 F.3d at 1299.  Moreover, the fact that the defendant "was not officially named the captain or pilot" and that others also steered the boat did not change the result.  Id.  Under our precedent, the district court properly applied the two-level captain enhancement based on Sotomayor's admitted conduct.

## II.    REASONABLENESS

Sotomayor contends that his 84-month sentence is substantively unreasonable.  We review the reasonableness of a sentence under the deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively

---

[1]When Cartwright and Rendon were decided, the captain enhancement was found in U.S.S.G. § 2D1.1(b)(2)(B), and it was moved to § 2D1.1(b)(3)(C) in 2010.  See U.S.S.G. App. C, Amends. 728, 748.

3

unreasonable under the totality of the circumstances.[2]  United States v. Pugh, 515

F.3d 1179, 1190 (11th Cir. 2008).  We will reverse only if "left with the definite

and firm conviction that the district court committed a clear error of judgment in

weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies

outside the range of reasonable sentences dictated by the facts of the case."  Id. at

1191 (quotation marks omitted).  The party challenging the sentence bears the

burden to show the sentence is unreasonable in light of the record and the

§ 3553(a) factors.  Id. at 1189.[3]

Sotomayor's 84-month sentence is at the low end of the advisory guidelines

range of 84 to 105 months' imprisonment and well below the applicable 40-year

statutory maximum, both indications of a reasonable sentence.  See United States

v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that although we do not

presume a sentence within the guidelines range is reasonable, we ordinarily expect

it to be so); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008)

---

[2]Sotomayor does not argue that his sentence is procedurally unreasonable or identify any procedural error at his sentencing.

[3]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

(stating that a sentence imposed well below the statutory maximum penalty is an indication of reasonableness).

The sentence, moreover, met the goals encompassed within § 3553(a). Sotomayor was caught bringing 667 pounds of marijuana into the United States by boat. As the government pointed out at sentencing, this was Sotomayor's fourth controlled substance conviction in six years, and the relatively short sentences he had received for his prior convictions had not deterred him from participating in the marijuana importation scheme.

Sotomayor's arguments about his early admission of guilt, his cooperation with authorities, and his financial reasons for participating in the importation scheme were all considered by the district court, which concluded that these factors were not sufficient to warrant a downward variance. Although Sotomayor argues that the district court did not adequately consider his mitigating factors, it was within the district court's discretion to give them less weight. See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (stating that the weight accorded any specific § 3553(a) factor is committed to the sound discretion of the district court). Under the circumstances, we cannot say the district court abused its discretion when it refused to vary downward. Sotomayor has not shown that his 84-month sentence is unreasonable.

**AFFIRMED.**